**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0034-23
              A-0035-23
              A-0749-23
              A-0754-23
              A-0755-23
              A-0756-23
              A-0757-23
              A-0758-23
              A-0759-23
              A-0760-23
              A-1417-23
              A-1419-23
              A-1420-23

LEE HENDRICKSON,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

RONALD SHEA,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

 Respondent-Respondent.

_____

NICHOLAS OLENICK,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

 Respondent-Respondent.

_____

PETER SALVADORE,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

 Respondent-Respondent.

_____

EDWARD LENNON,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE

A-0034-23

POLICE RETIREMENT SYSTEM,

Respondent-Respondent.
_____

DENNIS HALLION,

Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

Respondent-Respondent.
_____

KARL BROBST,

Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

Respondent-Respondent.
_____

PETER BRUNCATI,

Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

3                                                                    A-0034-23

Respondent-Respondent.

_____

KENNETH MINNES,

       Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

       Respondent-Respondent.

_____

KENNETH WISE,

       Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

       Respondent-Respondent.

_____

HARRY WOLANSKY, III,

       Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

       Respondent-Respondent.

_____

4

MICHAEL LAMARRE,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

CHRISTOPHER ANDREYCHAK,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, STATE
POLICE RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

> Argued December 10, 2024 – Decided January 15, 2025
>
> Before Judges Sumners, Perez Friscia and Bergman.
>
> On appeal from the Board of Trustees of the State Police Retirement System, Department of the Treasury, SPRS Nos. xx3668, xx4077, xx3180, xx3664, xx3051, xx3686, xx4867, xx3769, xx4752, xx4992, xx4773, xx3141, and xx3743.
>
> Lauren Sandy (The Law Offices of Lauren Sandy, LLC) argued the cause for appellants.

5

Matthew Melton, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Donna Arons and Melissa H. Raksa, Assistant Attorneys General, of counsel; Matthew Melton, on the briefs).

PER CURIAM

In these thirteen appeals, calendared back-to-back and consolidated for purposes of a single opinion, petitioners, retired New Jersey State Troopers, appeal the final agency decisions of the Board of Trustees, State Police Retirement System (Board) denying as untimely their eligibility registration forms for accidental disability benefits under the Bill Ricci World Trade Center Rescue, Recovery, and Cleanup Operations Act, L. 2019, c. 157 (Ricci Act), codified at N.J.S.A. 43:15A-43(b)(4). The Board determined petitioners received proper notice of the Ricci Act requirements but submitted their eligibility registration forms after the deadline and are thus ineligible to receive the additional benefits. We, however, conclude there are sufficient doubts about our ability on this record to fairly evaluate the presumption that properly addressed postcard notices of the Ricci Act mailed to petitioners reached their destination. Therefore, we reverse and remand for a factfinding hearing to determine whether petitioners rebutted the presumption that they received actual notice of the Ricci Act as required by N.J.S.A. 43:15A-43(b)(4).

6

On July 8, 2019, our Legislature enacted the Ricci Act, allowing for police officers, firefighters, and emergency medical technicians to claim accidental disability retirement benefits[1] by creating a presumption that certain respiratory, gastroesophageal, psychological, or skin contact ailments were caused by rescue, recovery, and cleanup at the World Trade Center (WTC) between September 11, 2001 and October 11, 2001, following the terrorist destruction of the WTC. In pertinent part, the Ricci Act provides:

> The board of trustees shall promulgate rules and regulations necessary to implement the provisions of this subsection and shall notify members and retirants in the retirement system of the enactment of this act, P.L.2019, c. 157, within 30 days of enactment.
>
> A member or retiree shall not be eligible for the presumption or recalculation under this subsection unless within two years of the effective date of this act, P.L.2019, c. 157, the member or retiree files a written and sworn statement with the retirement system on a form provided by the board of trustees thereof indicating the dates and locations of service.
>
> [N.J.S.A. 43:15A-43(b)(4) (footnote omitted).]

---

[1] "[A]ccidental disability requires the employee to demonstrate that he 'is permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties.' N.J.S.A. 43:16A-7(1). In other words, the traumatic event must be work connected." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 28 (2011) (citing Richardson v. Bd. of Trs., Police and Firemen's Ret. Sys., 192 N.J. 189, 195 (2007)).

The Board was thus required to give notice of the Ricci Act to members of the Stated Police retirement system by August 7, 2019, and eligibility registration forms had to be submitted by July 8, 2021. See ibid.

The Board maintains it provided notice to petitioners as follows: (1) the Division of Pensions and Benefits (Division) added the Ricci Act benefits and requirements to its website on August 7, 2019; (2) the Division emailed a letter on August 8, 2019 to all Certifying Officers regarding Ricci Act responsibilities and required them to make the letter available to their respective locations' employees, and acknowledged distribution of the Ricci Act notice on August 16, 2019; and (3) Barton and Cooney, LLC, a vendor contracted by the Division to notify retirees, mailed 200,647 postcards via United States Postal Service standard delivery to retirees at their home addresses.

On August 16, 2019, the Division emailed all Certifying Officers instructing them on how to proceed if they experienced technical difficulty with confirming distribution to their respective employees of the Ricci Act notice.

Finally, on June 10, 2021, about a month before the eligibility registration form had to be submitted, the Division posted a notice on its website reminding members they are ineligible to apply for accidental disability retirement benefits under the Ricci Act after July 8, 2021.

8

Each petitioner submitted an eligibility registration form for Ricci Act benefits after the July 8, 2021 deadline, attesting they never received notice of the Ricci Act via any of the Board's methods. Petitioners also submitted the affidavits of ninety-eight active and retired state troopers who certified they also did not receive notice of the Ricci Act. Petitioners' eligibility registration form application dates and the rejection of their registration are as follows:

> Lee Hendrickson: Applied November 4, 2022; Administrative Denial December 9, 2022; Joint Petition to the Board March 3, 2023; Initial Board Denial March 28 2023; Final Agency Decision July 26, 2023.
>
> Ronald Shea: Applied January 3, 2023; Administrative Denial February 8, 2023; Joint Petition March 3, 2023; Initial Board Denial April 4, 2023; Final Agency Decision July 26, 2023.
>
> Nicholas Olenick: Applied September 26, 2022; Administrative Denial May 2, 2023; Joint Petition March 3, 2023; Initial Board Denial May 23, 2023; Final Agency Decision September 27, 2023.
>
> Peter Salvadore: Applied August 25, 2022; Administrative Denial May 2, 2023; Joint Petition March 3, 2023; Initial Board Denial May 23, 2023; Final Agency Decision September 27, 2023.
>
> Edward Lennon: Applied March 3, 2023 (Joint Petition); Administrative Denial May 2, 2023; Initial Board Denial July 25, 2023; Final Agency Decision September 27, 2023.

Dennis Hallion: Applied February 20, 2023; participated in March 3, 2023 Joint Petition; Administrative Denial June 13, 2023; Initial Board denial June 13, 2023; Final Agency Decision September 27, 2023.

Karl Brobst: Applied March 3, 2023 (Joint Petition); Administrative Denial May 2, 2023; Initial Board denial May 23, 2023; Final Agency Decision September 27, 2023.

Peter Bruncati: Applied September 2, 2022; Administrative Denial September 12, 2022; participated in March 3, 2023 Joint Petition; Initial Board denial June 13, 2023; Final Agency Decision September 27, 2023.

Kenneth Minnes: Applied February 23, 2023; participated in March 3, 2023 Joint Petition; Administrative Denial May 2, 2023; Initial Board Denial June 13, 2023; Final Agency Decision September 27, 2023.

Kenneth Wise[2]: Initial application form is signed August 29, 2022, but counsel represents his application was part of the March 3, 2023 Joint Petition; Administrative Denial May 2, 2023; Initial Board Denial May 23, 2023; Final Agency Decision September 27, 2023.

Harry Wolansky, III: Applied May 23, 2023; joined the already filed March 3, 2023 Joint Petition; Administrative Denial July 7, 2023; Initial Board Denial July 25, 2023; Final Agency Decision November 29, 2023.

---

[2] Wise was the only petitioner who was active when the Ricci Act was passed. He retired on or about December 1, 2019.

Michael LaMarre: Applied July 6, 2023 (forms signed April 25; 2023) joined the already filed March 3, 2023 Joint Petition; Administrative Denial July 7, 2023; Initial Board denial July 25, 2023; Final Agency Decision November 29, 2023.

Christopher Andreychak: Applied March 3, 2023 Joint Petition; Administrative Denial May 2, 2023; Initial Board denial May 23, 2023; Final Agency Decision November 29, 2023.

Although the Board rendered separate final agency decisions denying petitioners' requests to apply for Ricci Act benefits as untimely, it reiterated the same factual findings and conclusions of law concerning the notice provided to each petitioner. The Board emphasized the above-noted methods by which members were notified of the Ricci Act and its filing deadline and that petitioners' eligibility registration forms were filed well beyond the July 8, 2021 deadline. The Board rejected petitioners' affidavits asserting they "'did not receive any correspondence or post card from the State Police Retirement Board or the Division of Pensions' with respect to the passage of the Ricci Act." The Board maintained the Division notified petitioners of the Ricci Act as required by law through the postcards. Citing SSI Medical Services v. HHS, Division of Medical Assistance & Health Services, the Board held New Jersey cases have "recognized a presumption that mail properly addressed, stamped, and posted

was received by the party to whom it was addressed." 146 N.J. 614, 621 (1996) (citation omitted).

Petitioners, represented on appeal by the same counsel, raise identical arguments before us. They first contend the denial of their eligibility registration forms for accidental disability benefits under the Ricci Act was arbitrary, capricious, and unreasonable because the Board misapplied the law to the facts. They rely on our decision in Ensslin v. Bd. of Trustees, Police & Firemen's Retirement System, 311 N.J. Super. 333, 335, 338 (App. Div. 1998), where we overturned the Board's determination that the petitioner's application for ordinary disability benefits was untimely because the Board failed to properly notify him that he had to return to work by a certain date. Petitioners next assert the Board failed to ground its decision in "substantial evidence" and question what proofs are required to overcome the "presumption" that properly addressed mail arrived at its destination.

In opposition, the Board contends its decision was reasonable based on petitioners' delay—between sixteen months and two years after the statutory July 8, 2021 deadline—in filing their respective eligibility registration forms under the Ricci Act. The Board contends the Legislature did not specify how state police retirees should be notified and adequate notice to them was provided

12

through its website, the Certifying Officers, and the postcard mailings.  In fact, the Board argues that once it published notice on its benefits website, on August 7, 2019, its notice obligation was satisfied.

Appellate review of an administrative final agency determination must "engage in a careful and principled consideration of the agency record and findings." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)) (internal quotations omitted).  Even if we "would have reached a different conclusion in the first instance," Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9-10 (citing In re Herrmann, 192 N.J. 19, 27-28 (2007)), we sustain the agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record," Russo, 206 N.J. at 27 (quoting Herrmann, 192 N.J. at 27-28).  Yet, "we are 'in no way bound by an agency's interpretation of a statute or its determination of a strictly legal issue,' . . . particularly when 'that interpretation is inaccurate or contrary to legislative objectives.'"  Russo, 206 N.J. at 27 (first quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973); and then quoting G.S. v. Dep't of Hum. Servs., 157 N.J. 161, 170 (1999)).  Therefore, on matters of law, "we apply de novo review to an agency's interpretation of a

statute or case law."  Ibid. (citing Toll Bros., Inc. v. Twp of W. Windsor, 173 N.J. 502, 549 (2002)).

Based on record before the Board, we are constrained to reverse and remand because its final agency decisions are arbitrary and capricious as they are conclusory, rest on scant findings, and do not provide an adequate basis for appellate review.  There are underlying factual issues, both in the number of affidavits secured by petitioners and the actual date the postcards were sent out, that undermine the legal presumption of receipt that usually attaches to mailed notice.

The Board's reliance on its website and email to Certifying Officers is misplaced.  In In re State & School Employees' Health Benefits Commissions' Implementation of I/M/O Philip Yucht, our Supreme Court cast doubt on the ability of agencies to give actual notice to their constituents by "providing a notification and link on the [agency's] website," and "sen[ding] a letter to participating employers' certifying officers directing that they share information about the supplemental reimbursement with plan members at their location." 233 N.J. 267, 278 (2018).  On remand, the Court gave specific instructions to the School Employees Health Benefit Commission to facilitate a hearing on whether the Commission's "attempted notice was reasonably calculated to

provide actual notice to potentially affected members, including former employees and retirees." Id. at 283-84. Although Yucht may not be binding because the reason for the remand was a paucity of information, as "[t]here is too much that is unknown," it is persuasive. Id. at 284. The Court observed:

> As with most agency action, there is room for debate over what is reasonable. To be reasonable, an agency's choice of action for providing notice does not require adoption of a perfect practice. But, like the means an agency chooses for purposes of meeting a public need contemplated by a statute the agency is charged with implementing, the means of notice in fulfillment of that statutory policy similarly must be designed to reasonably achieve its intended purpose.
>
> [Id. at 282 (citing N.J. Chapter, Am. Inst. of Planners v. N.J. Bd. of Pro. Planners, 48 N.J. 581, 600 (1967)).]

Here, the Board correctly recognized that SSI supports a legal presumption that "mail properly addressed, stamped, and posted was received by the party to whom it was addressed." 146 N.J. at 621. The inquiry, however, does not end there.

After establishing that legal presumption, the SSI Court stated "[t]he question presented in this case is what level of proof must be demonstrated in order to trigger the presumption of mailing. In the absence of any administrative rule or regulation to the contrary, the traditional preponderance of the evidence standard applies to administrative agency matters." Id. at 622 (citations

15

omitted).  The Court further stated, "[t]he presumption of receipt derived from proof of mailing is 'rebuttable and may be overcome by evidence that the notice was never in fact received.'"  Id. at 625 (quoting Szczesny v. Vasquez, 71 N.J. Super. 347, 354 (App. Div. 1962)).  It was only after analyzing "detailed and specific evidence by testimony and affidavits," that the Court found the mailed notice was proper.  Id. at 623-24.

The Board, however, did not conduct the next level of analysis prescribed by SSI to assess petitioners' claims that they rebutted the Division's evidence that the individual petitioners received notice of the Ricci Act from the methods employed by the Division.  The Board merely concluded notice was sufficient without making credibility assessments of petitioners' evidence to support its findings, or reviewing testimony and affidavits.  The Board's final agency decisions do not address petitioners' contentions that the August 9, 2019 postcard mailings or the Certifying Officers' August 16, 2019 distribution of the Ricci Act notice, on August 16, 2019, occurred more than thirty days after the Ricci Act's July 8, 2019 enactment.

The Board may have been within its rights to decline the use of inherent authority to reopen these cases, but its final agency decisions fail to indicate whether it used the same inherent powers to excuse the de minimis deadline

16

violation created by the tardy notice by both the postcards and Certifying Officers. The Board neither addressed the affidavits by petitioners nor the ninety-eight state troopers attesting that they did not receive the postcard notices mailed by Barton and Cooney. And, significantly, the Board did not address that effective notice by mail is only a presumption that can be rebutted.

In sum, this record is insufficient to demonstrate whether the Board provided actual notice of the Ricci Act to these retired Troopers as a matter of law. A factfinding hearing must be held to address petitioners' contentions and the concerns raised in this opinion. Deciding petitioners' Ricci Act eligibility based on a full record is consistent with the fact that "pension statutes 'should be liberally construed and administered in favor of the persons intended to be benefited.'" Francois v. Bd. of Trs., 415 N.J. Super. 335, 349 (App. Div. 2010) (quoting Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 34 (2009)).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0034-23